## Williams v. Hockman

C.P. of Montgomery County, no. 94-11927.

*Richard W. Rogers,* for plaintiff.
*Richard Yost,* for defendant.

HODGSON, *J.,* May 13, 1998—Appellants, Kevin Williams and Iris Williams, appeal the March 10, 1998 order of this court granting the appellee Donald Hockman's motion for summary judgment and dismissing the appellant's complaint with prejudice.

## FACTS AND PROCEDURAL HISTORY

The underlying facts of this case are largely undisputed. The appellant, Donald Hockman, is a dentist. On August 9, 1993, Hockman extracted the right maxillary second molar from appellee, Kevin Williams. During this procedure, the root of the tooth fractured. Unable to locate the root, Hockman ordered an x-ray. The x-ray indicted that the root had been lodged in the maxillary sinus. After the procedure, Hockman informed Williams of the problem and referred him to an oral surgeon. Thereafter, the oral surgeon performed a procedure to remove the root.

The appellants filed a complaint on September 8, 1994, claiming negligence and lack of informed consent. We granted summary judgment dismissing the appellants' complaint with prejudice on March 10, 1998. The appellants timely filed their appeal on April 7, 1998.

Appellants raise one issue on appeal:[1]

*Did the appellants' expert testimony provide sufficient evidence so that a jury could decide whether the fractured root was a material risk of the extractions and, therefore, whether the appellant gave an informed consent to the extractions?*

---

1. In their concise statement, appellants also raise the issue of whether a tooth extraction is surgery which would require informed consent. We will not address this issue since we were always in agreement with the appellant that this was surgery. In fact, the Superior Court clearly indicates in *Sinclair by Sinclair v. Block,* 406 Pa. Super. 540, 594 A.2d 750 (1991), that the extraction of teeth is surgery.

## DISCUSSION

After revisiting the litany of cases on this issue, we are compelled to find that the expert testimony produced by the appellants provided sufficient evidence so that the question of informed consent should be decided by a jury. Thus, we request that our order granting summary judgment be dissolved thereby allowing appellant to present his case to a jury.

The Supreme Court has held that, "[i]n order for a consent to be considered informed it must be shown that the patient was advised of those risks which a reasonable man would have considered material to his decision whether or not to undergo treatment." *Moure v. Raeuchle,* 529 Pa. 394, 404, 604 A.2d 1003, 1008 (1992). Furthermore, "the jury must be supplied with expert [testimony] as to the nature of the harm attendant to the procedure, and the probability of that harm occurring." *Id.* at 405, 604 A.2d at 1008. Once the jury is supplied with this information, it is for them to determine whether the risk is material. *Id.;* see also, *Festa v. Greenberg,* 354 Pa. Super. 346, 511 A.2d 1371 (1986). In addition, the Superior Court has held that,

"The law is very clear that once expert testimony establishes that there was a risk of *any* nature to the patient that he or she was not informed of, and after surgery the patient suffers from that undisclosed risk, it is for the jury to decide whether the omission was material to an informed consent." *Levy v. Jannetta,* 423 Pa. Super. 384, 389, 621 A.2d 585, 587 (1992), quoting *Jozsa v. Hottenstein,* 364 Pa. Super. 469, 528 A.2d 606 (1987). (emphasis added)

The appellants in this case offered the expert testimony of Dr. Howard S. Glazer. He found that the type of fracture which Kevin Williams experienced was

"not uncommon" in tooth extractions. See exhibit C of defendant's motion for summary judgment. At the same time, Dr. Glazer found that this type of fracture occurs with a small degree of probability. *Id.* Initially, we believed that this evidence did not fulfill the expert testimony requirement. However, in *Jozsa, supra,* expert testimony established that there was a 4-5 percent risk of harm. The court there determined that this was sufficient to establish the existence of the risk. Thus, the jury was supplied with the necessary evidence which allowed them to decide whether the risk was material. *Josza,* 364 Pa. Super. at 474, 528 A.2d at 608. Once the existence of the risk is determined by expert testimony, it is for the jury to decide what constitutes a material risk, no matter how slight the probability of the risk occurring. Although we predict that a jury would not find this risk material, ultimately, the jury must make their own determination. Accordingly, we find that the expert testimony of Dr. Glazer established the existence of a risk and that we erred in granting summary judgment in favor of the defendant on the issue of informed consent.